AO 245B  (Rev 06/05)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER:   8:07-cr-521-T-30EAJ |
| | USM NUMBER:   49850-018 |
| vs. | |
| FRANCES CROPPER | Defendant's Attorney:   Harrison T. Slaughter and Joseph Fisher, ret. |

THE DEFENDANT:

 X  pleaded guilty to count(s) TWO of the Superseding Indictment.
 _ pleaded nolo contendere to count(s) which was accepted by the court.
 _ was found guilty on count(s)  after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | June 5, 2006 | Two |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

 _ The defendant has been found not guilty on count(s)
 _ Count(s) ONE, THREE AND FOUR of the Superseding Indictment and Counts ONE, TWO AND THREE of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence:  November 4, 2008

**JAMES S. MOODY, JR.**
**UNITED STATES DISTRICT JUDGE**

DATE: November ____7____, 2008

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

Defendant:   FRANCES CROPPER                         Judgment - Page _2_ of _6_
Case No.:    8:07-cr-521-T-30EAJ

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TWENTY-SEVEN (27) MONTHS as to Count Two of the Superseding Indictment.

__ The court makes the following recommendations to the Bureau of Prisons:

__ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

      __ at __ a.m./p.m. on __.
      __ as notified by the United States Marshal.

_X_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

      __ before 2 p.m. on __.
      _X_ as notified by the United States Marshal.
      __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

   Defendant delivered on _____ to _____
__ at _____, with a certified copy of this judgment.

                         _____
                                United States Marshal

            By:_____
                       Deputy United States Marshal

| | | |
|---|---|---|
| Defendant: | FRANCES CROPPER | Judgment - Page _3_ of _6_ |
| Case No.: | 8:07-cr-521-T-30EAJ | |

# SUPERVISED RELEASE

      **Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Count Two of the Superseding Indictment.**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

  X      The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

  X      The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

  X      The defendant shall cooperate in the collection of DNA as directed by the probation officer.

      If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant:  FRANCES CROPPER | Judgment - Page _4_ of _6_ |
| Case No.:   8:07-cr-521-T-30EAJ | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X  The defendant shall participate as directed in a program of mental health treatment (outpatient and/or inpatient) and follow te probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

X  Until such time as the restitution amount is paid in full, the defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

X  The defendant shall provide the probation officer access to any requested financial information.

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X  The mandatory drug testing provisions pursuant to the Violent Crime Control Act are waived. However, the Court orders the probation officer to conduct random drug testing not to exceed 104 tests per year.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant:   FRANCES CROPPER | Judgment - Page _5_ of _6_ |
| Case No.:    8:07-cr-521-T-30EAJ | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | Waived | $211,150 |

___ The determination of restitution is deferred until ___.   An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_X_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Restitution Ordered** |
|---|---|
| Social Security Administration | $115,054 |
| UnumProvident | $96,096 |
| **Totals:** | $211,150 |

___ Restitution amount ordered pursuant to plea agreement   $ _____.

___ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ___ the interest requirement is waived for the ___ fine ___ restitution.

   ___ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant:    FRANCES CROPPER | Judgment - Page _6_ of _6_ |
| Case No.:    8:07-cr-521-T-30EAJ | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.    _X_    Lump sum payment of $ _100.00_ due immediately, balance due

       ___ not later than _____, or

       ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.    ___    Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.    ___    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.    ___    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.    ___    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.    _X_    Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay restitution in the amount of $211,150. Of this amount, $115,054 is owed to the Social Security Administration; and $96,096 is owed to UnumProvident. The restitution is owed jointly and severally with the co-defendant, Fred Tokarsky. Defendant Fred Tokarsky is only liable for $10,016 of this restitution amount. The defendant shall pay $10,000 immediately. Additionally, the proceeds received from the sale of any of the defendant's property is to be paid toward restitution. While in the custody of the Bureau of Prisons, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant is ordered to begin making payments of $300 per month. At any time during the course of post-release supervision, the victim (UnumProvident), the government , or the defendant may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_X_    Joint and Several

     The defendant shall pay restitution in the amount of $211,150. The restitution is owed jointly and severally with the co-defendant, Fred Tokarsky, in the amount of $10,016. Defendant Fred Tokarsky is only liable for $10,016 of this restitution amount.

_    The defendant shall pay the cost of prosecution.

_    The defendant shall pay the following court cost(s):

_X_    The defendant shall forfeit the defendant's interest in the following property to the United States:

     The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees, specifically including, but not limited to, a forfeiture money judgment in the amount of $200,000; the real property located at 7819 Heritage Classic Court, Bradenton, Florida, as substitute assets for the money judgment. The Court makes part of this judgment the Amended Forfeiture Money Judgment [Dkt. 105].

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,                    :
                                             :
                                             :
v.                                           :          CASE NO. 8:07-cr-521-T-30EAJ
                                             :
FRANCES CROPPER,                             :
     a/k/a FRANCES MITCHELL                  :


## SECOND AMENDED FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court on motion of the United States for entry of a

Forfeiture Money Judgment as to defendant Frances Cropper (Dkt. #92).  The Court, being

fully advised in the premises, finds that as a result of the mail fraud offense, in violation of

18 U.S.C. § 1341, for which the defendant has been found guilty as charged in Count Two

of the Superseding Indictment, defendant Frances Cropper obtained proceeds in the

amount of $ 200,000 USD.  Accordingly, it is hereby

    **ORDERED, ADJUDGED,** and **DECREED** that the United States' motion (Dkt. #92)

is GRANTED.

    It is FURTHER **ORDERED** that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. §

2461(c), and Fed. R. Crim. P. 32.2(b)(2), defendant Frances Cropper is jointly and

severally liable with defendant Fred Tokarsky to the United States of America for a

forfeiture money judgment in the amount of $ 200,000 USD, which represents the amount

of proceeds the defendant obtained as a result of the violations of 18 U.S.C. § 1341, for

which the defendant has been convicted as charged in Count Two of the Superseding

Indictment.  Defendant Fred Tokarsky is only liable for the amount of $10,016 USD in restitution.

The court retains jurisdiction to enter any orders necessary for the forfeiture and disposition of any property the government may seek as substitute assets, pursuant to 21 U.S.C. § 853(p) [incorporated under the provisions of 28 U.S.C. § 2461(c)], in satisfaction of such money judgment.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2008.


JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE




Copies furnished to:
Counsel/Parties of Record

S:\Odd\2007\07-cr-521.2AMDForfeiture Judgment.Cropper 92.wpd

2